Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiffs and the putative class.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JULIEN GABILLY and MARIUS ZEMACHE,** *individually and on behalf of others similarly situated,* <br><br> Plaintiffs, <br><br> - against - <br><br> **BOUCHERIE LLC, BOUCHERIE PAS LLC, and EMIL STEFKOV,** <br><br> Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> **INDEX NO.** <br><br> **Jury Trial Requested** |

Julien Gabilly and Marius Zemache ("Plaintiffs"), on their own behalf and on behalf of others similarly situated, by their attorneys, The Klein Law Group, P.C., allege as follows:

## NATURE OF THE CASE

1. This is a collective action brought by Plaintiffs on their own behalf and on behalf of a proposed collective identified below. Plaintiffs, and the proposed collective, were or are employed as food service workers (i.e., servers, bussers, runners, sommeliers and bartenders) by Boucherie LLC, Boucherie PAS LLC ("Boucherie"), and Emil Stefkov ("Stefkov") (collectively "Defendants").

2. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") and the New York Labor Law § 190 *et seq.* ("NYLL") to recover unpaid minimum wages, unlawfully misappropriated tips, and other monies.

1

3. Defendants have failed to compensate their food service workers at the federal and state minimum wage, and unlawfully misappropriated a portion of their tips.

4. Plaintiffs seek injunctive and declaratory relief against Defendants' unlawful actions, return of the tip credit (i.e. the difference between the full applicable minimum wage and the hourly wage Defendants actually paid to their food service workers), return of the misappropriated tips, return of unpaid wages, liquidated damages, interest, and attorneys' fees and costs as permitted in accordance with the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1331, as the location of Boucherie, the restaurant where Plaintiffs worked, is in the Southern District of New York.

## PARTIES

7. Plaintiff Gabilly, a resident of New York State, was employed by Defendants at the 99 7th Avenue South location from March 2018 through the end of February 2019. Gabilly was employed as a waiter for the first 6 months of employment and then as a sommelier for the remainder of his employment.

8. Plaintiff Zemache, a resident of New York State, was employed by Defendants at the 99 7th Avenue South location from April 10, 2018 through June 4, 2019. Zemache was employed as a waiter for the first 4 months of employment and then as a sommelier for the remainder of his employment.

2

9. Plaintiffs were Defendants' employees within the meaning of the FLSA and NYLL.

10. Defendant Boucherie LLC and Boucherie Pas LLC are New York limited liability companies that own and operate Boucherie, a restaurant with locations at 225 Park Avenue South, 99 7th Avenue South, and 14 Christopher Street, New York, New York.

11. Upon information and belief, Defendants jointly and individually have an annual gross volume of sales in excess of $500,000.00.

12. Defendant Stefkov is an owner and operator of Boucherie, and has been an active manager with authority to control the pay practices and employment policies.

13. At all relevant times, corporate Defendants have been and continue to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

14. All Defendants are hereinafter collectively referred to as "Defendants."

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs bring their FLSA claims on behalf of themselves and similarly situated employees (i.e., servers, bussers, runners, sommeliers and bartenders) who are, or have been employed by Defendants in the three years preceding the filing of this Action.

16. The members of the FLSA collective have been victims of Defendants' common policies and practices which have denied Plaintiff and the collective of the full minimum wage and earned tips.

17. The FLSA Collective consists of servers, runners, bussers, sommeliers, and bartenders who during their employment at Boucherie, fell into the category of "tipped employees," who customarily earned more than $30.00 per month in tips and were required by Boucherie to participate in a tip-pooling system whereby all of Boucherie's guests' tips were aggregated and shared pursuant to a formula described herein.

18. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA collective by engaging in a pattern, practice and policy of violating the FLSA. This pattern, practice and policy includes:

   a. Depriving food service workers of the tips they earned;

   b. Improperly taking a tip credit toward food service workers' wages;

   c. Redistributing portions of the tips earned by food service workers to bar managers, and other individuals who were not entitled to tips pursuant to the FLSA and NYLL;

   d. Failing to make timely payments of wages;

   e. Making unlawful deductions from wages.

19. Defendants have engaged in unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees' compensation by willfully and knowingly violating the FLSA.

20. The FLSA collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join this action.

21. The identities of these similarly situated employees are or should be known to Defendants and are locatable through Defendants' business records.

## CLASS ACTION ALLEGATIONS

22. Pursuant to Rule 23 of Federal Rules of Civil Procedure, Plaintiffs bring this lawsuit as a class action on behalf of all food service employees who are employed or who have been employed by Defendants within six years prior to the filing of this Complaint.

23. **Numerosity**: The potential number of persons in the Class is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of persons in the Class is unknown to Plaintiffs at this time; however, it is estimated that the number exceeds 50 individuals.

24. **Commonality and Typicality**: The claims of Plaintiffs (for violations of the FLSA and NYLL based on their maintenance of an invalid tip pool and illegally paying Plaintiffs and the class a rate of below the minimum wage) is typical of the claims of all of the other members of the Class because all of them sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all of the other members of the Class were caused by Defendants' wrongful conduct as described in this Complaint.

25. **Ascertainable Class**: The proposed Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

26. **Adequacy**: Plaintiffs are adequate representatives of the Class; will fairly protect the interests of the other members of the Class; have no interests antagonistic to the members of

the Class; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Class Counsel is competent and experienced in litigating large wage payment class actions.

27.   **Superiority**: The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the other members of the Class for the wrongs alleged herein, as follows:

   a.   This case involves a large corporate Defendant and a large number of individuals with many relatively small claims and common issues of law and fact

   b.   If each individual member of the Class was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because, with its vastly superior financial and legal resources, it would be able to exploit and overwhelm the limited resources of each individual member of the Class;

   c.   Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by members of the Class who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation;

   d.   The Prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the Class against Defendants; would establish potentially incompatible standards of conduct for Defendants, would result in legal determination

       with respect to individual members of the Class which would, as a practical matter, be dispositive of the interest of the other members of the Class who are not parties to the adjudications; and/or would substantially impair or impede the ability of the members of the Class to protect their own interests;

e.   The claims of the individual members of the Class may not be sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses thereto;

f.   Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult of impossible for individual member of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

g.   The costs to the court system of adjudication of such individualized litigation would be substantial.

## FACTS

28.    The FLSA and NYLL allow employers of "food service workers" to pay their tipped employees at a rate below the normal federal and state minimum wages by applying a tip credit towards certain eligible employees' wages.

29.    The FLSA and the NYLL provide that in order to be eligible for this tip credit, employers of tipped employees must inform food service workers about their intention to apply the tip credit towards the employees' wages and also must allow employees to keep all of the tips that they receive.

30. Managers and other non-service employees are prohibited from sharing in the tips received by the "food service workers."

31. The FLSA and NYLL permit employees to participate in a tip pool where tipped employees combine all of their tips together and then redistribute them amongst themselves.

32. At all times relevant hereto, Defendants established and imposed a tip pool upon Boucherie's food service workers, and also required the food service workers to share a percentage of their tips with the bar manager, and silverware polisher.

33. By mandating the participation of the bar manager, and silverware polisher in the tip pool, Defendants have violated both the FLSA and NYLL.

34. The bar manager has the authority to hire, fire, schedule, discipline employees, coordinate vacation and time-off schedules, coordinate call-outs for sick or other personal time, discipline, keep stock of inventory, and purchase supplies.

35. Upon information and belief, the bar manager is paid more than the sub-minimum wage Defendants paid to Plaintiff and the FLSA Collective.

36. The bar manager removed Gabilly from the Sunday shift, because he did not like the way Plaintiff Gabilly performed inventory, and later fired Plaintiff Gabilly.

37. On one occasion, the bar manager sent Plaintiff Zemache home for a disciplinary infraction.

38. The bar manager traveled to and worked at all Boucherie locations.

39. At the 99 7th Avenue South location, the silverware polisher has little to no customer interaction, as the polishing station is situated in the basement of the restaurant, where there are no customers and no tables.

40. The bar manager and silverware polishers are excluded from the definition of the FLSA collective.

41. By these and other acts, Defendants have taken gratuities belonging to Plaintiff and the FLSA Collective and unlawfully diverted them to managerial and non-service staff who are not entitled to share in the tip pool at the restaurant, thereby preventing the food service workers from retaining all of the tips left for them in violation of the FLSA and NYLL.

42. Because Defendants established an illegal tip pooling scheme at Boucherie, they are not entitled to take advantage of the tip credit and reduce the minimum wages of Plaintiff and the FLSA Collective by applying the tip credit allowance that is available under the FLSA and the NYLL.

43. Defendants are also prohibited from applying the tip credit because they failed to provide Plaintiffs and the FLSA Collective with notice of the tip credit as required by both the NYLL and FLSA.

## FIRST CAUSE OF ACTION
### FLSA – Unpaid Minimum Wages

44. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 43 above as if specifically set forth herein.

45. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

46. Defendants were required to pay Plaintiff and the FLSA Collective the applicable federal minimum wage rate.

47. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because, *inter alia*,

   a. Defendants were required to but failed to inform Plaintiffs and the FLSA Collective of the provisions of 29 U.S.C. § 203(m);

9

b. Defendants unlawfully distributed portions of the tips received by Plaintiffs and the FLSA Collective to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA and its supporting regulations; and,

c. Defendants illegally made impermissible deductions in the amount of tips given to Plaintiffs and the FLSA Collective.

48. Defendants were aware of, or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

49. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective suffered damages to be determined at trial and are entitled to the recovery of such amounts and liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other damages pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Minimum Wages

50. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 49 above as if specifically set forth herein.

51. Defendants are employers within the meaning NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor regulations, and employed Plaintiffs.

52. Defendants were required to pay Plaintiffs the applicable minimum wage rate under the NYLL.

53. Defendants were not eligible to avail themselves of the tipped minimum wage rate under the NYLL because, *inter alia*,

d. Defendants were required to but failed to provide the required tip credit notice under the NYLL;

e. Defendants unlawfully distributed portions of the tips received by Plaintiffs and the FLSA Collective to employees in positions that do not customarily and regularly receive tips, in violation of the NYLL and its supporting regulations; and,

f. Defendants illegally made impermissible deductions in the amount of tips given to Plaintiff and the FLSA Collective.

54. Defendants were aware of should have been aware that the practice described in this Complaint were unlawful and did not make a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs.

55. As a result of Defendants' willful violations of the NYLL, Plaintiffs suffered damages to be determined at trial and are entitled to the recovery of such amounts and liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other damages pursuant to the NYLL.

### THIRD CAUSE OF ACTION
### NYLL – Unlawful Tip Deductions

56. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 55 above as if specifically set forth herein.

57. NYLL § 196-d prohibits employers or their agents from demanding or accepting directly or indirectly any part of the gratuities received by an employee, or retaining any part of a gratuity or any charge purported to be a gratuity for an employee.

58. Defendants unlawfully retained tips from Plaintiffs and unlawfully redistributed their tips to non-tip eligible employees.

59. As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid tips, reasonable attorneys' fees, liquidated damages, and pre-judgment interest and post-judgment interest.

## FOURTH CAUSE OF ACTION
**NYLL, Article 6, §§ 190 *et seq*. Notice and Wage Statements**

60.    Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 59 as if set forth fully herein.

61.    Defendants willfully failed to furnish Plaintiffs with a notice containing the rate of pay and the basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or otherwise, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business and a mailing address if different, the telephone number of the employer, and anything else otherwise required by law.

62.    Defendants also willfully failed to furnish Plaintiffs with every payment of wages, a wage statement that included the phone number of the employer, the proper overtime rate, and anything else otherwise required by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be granted awarding Plaintiffs:

(a) Compensatory damages;

(b) Liquidated damages;

(c) Prejudgment interest;

(d) Attorneys' fees and costs; and

(e) Such other legal and equitable relief as the Court deems necessary and proper.

Dated: August 2, 2019
New York, New York

THE KLEIN LAW GROUP PC

By: _____
Darren P.B. Rumack
39 Broadway, Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiffs and proposed*
*FLSA collective plaintiffs and Rule 23 class.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Boucherie and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay minimum wage and overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_____    04/26/2019    Julian Castillo
Signature                    Date           Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Boucherie and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay minimum wage and overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_____    JULY 29th 2019    MARIUS ZEMACHE
Signature                    Date              Printed Name